ELLIS ROSS ANDERSON, ESQ. SBN: 081156
JAMIE C. COUCHE, ESQ. SBN: 252001
DEBORAH GOODMAN, ESQ. SBN: 276259
ANDERSON & POOLE, P.C.
601 California Street, Suite 1300
San Francisco, CA 94108-2818
Telephone:   (415) 956-6413
Facsimile:   (415) 956-6416
Email:        jcouche@adplaw.com

Attorneys for Plaintiff
BERGAMON, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERGAMON, INC., | CASE NO. |
| Plaintiff, | **PLAINTIFF BERGAMON, INC.'S COMPLAINT FOR DAMAGES AND RESTITUTION** |
| vs. | |
| RIDGEROCK TOOLS, INC., a California Corporation; NIANN-TSYER SHUAI, also known as Peter Shuai, an individual; Len Hong Wu, and individual; and DOES 1-50, inclusive | **(Demand for Jury Trial)** |
| Defendants. | |

Plaintiff Bergamon, Inc. alleges as follows:

## I.    THE PARTIES

1.    Plaintiff Bergamon, Inc. ("Bergamon") is a California corporation doing business as SaveACup.  Bergamon operated from and leased a portion of a warehouse in Gardena, California that is the subject of this action, from which it imported, stored and distributed its premium drinkware products.

2.    Defendant Ridgerock Tools, Inc. ("RTI") is a California corporation with its principal place of business in Gardena, California.  RTI is the master tenant of the

Law Offices of
ANDERSON & POOLE
A Professional
Corporation
601 California Street
Suite 1300
San Francisco, CA
94108

Page 1
**PLAINTIFF BERGAMON, INC.'S COMPLAINT FOR DAMAGES AND RESTITUTION**

1  warehouse that is the subject of this action, from which it operated its business of

2  importing and selling tools and hardware.

3    3.    Defendant Niann-Tsyer Shuai, who also goes by the name of Peter

4  Shuai ("SHUAI"), is a natural individual and the owner and chief executive officer of

5  RTI.  On information and belief, SHUAI resides in Ohio.

6    4.    Defendant Len Hong Wu ("WU") is a natural individual and an officer of

7  RTI.  On information and belief, WU resides in Westminster, California.

8    5.    The true names and capacities, whether individual, corporate, associate

9  or otherwise of Defendants DOE 1-50, inclusive, are unknown to Bergamon, who

10  therefore sues said Defendants by such fictious business names.  The Complaint will

11  be amended to show their true names, capacities, and abilities when the same have

12  been ascertained.  Bergamon is informed and believes, and on such information and

13  belief alleges, that each of the Defendants designated herein as a DOE is responsible

14  in some manner for the events herein referred to and are liable to Bergamon for the

15  damages that will hereafter be alleged.  RTI, SHUAI, and WU and Defendants DOE 1-

16  10 shall be collectively referred to herein as "Defendants".

17    6.    At all times mentioned herein, the Defendants, and each of them, were

18  the agents, servants, employees, alter egos, undisclosed principals, subsidiaries,

19  affiliates, managers, principals, officers, directors, co-conspirators and/or

20  predecessors of all other Defendants, and each of them, and at all times herein

21  mentioned were acting in the scope and course of such agency, employment,

22  conspiracy and/or other relationship by and with the other Defendants; or, in the

23  alternative, if the acts of any Defendant were not authorized at the time, such acts

24  were subsequently ratified by the appropriate principal.

25        II.    FEDERAL COURT JURISDICTION

26    7.    The federal court's jurisdiction over this matter arises under 28 U.S.C.

Law Offices of
ANDERSON & POOLE
A Professional
Corporation
601 California Street
Suite 1300
San Francisco, CA
94108

**PLAINTIFF BERGAMON, INC.'S COMPLAINT FOR DAMAGES AND RESTITUTION**

1  § 1331 and 28 U.S.C. § 1367.

## III.    VENUE

3  8.    Venue is proper in this court because the transactions and events giving rise to this dispute occurred in this district.  Additionally, the contract(s) at issue were entered into and were to be performed in this county.

## IV.    GENERAL ALLEGATIONS

9.    Bergamon imports and sells premium reusable drinkware products to customers throughout the United States.

10.    Starting in approximately 2011, Bergamon operated its business from a portion of the real property commonly known as 15225 S San Pedro Street, Gardena, California 90248 (the "Premises").  RTI is the master tenant of the Premises.

11.    The Premises is an 80,000-square-foot warehouse, of which Bergamon uses approximately 10,000 square feet to receive, store and distribute its premium reusable drinkware products.

12.    Bergamon paid RTI $1,000 per month to rent a portion of the Premises between 2011 and November 2016.  In December 2016, RTI requested Bergamon increase its rent to $1,400 per month and pay those sums for the hiring of RTI office space in the city of El Monte.  Bergamon paid that rent to RTI through June 2019.

13.    Bergamon typically imports its products from a Chinese manufacturer. Bergamon products are then stored in its designated 10,000-square-foot section of the Premises until customer orders are made and fulfilled from the inventory stored on site.

14.    RTI also operates its business out of the remainder of the Premises.  RTI does not import, sell or store any drinkware products at the Premises.  Rather, it only stores its own tool and hardware products.  While RTI and Bergamon share loading docs and pathways, their products and equipment are stored and maintained

Law Offices of
ANDERSON & POOLE
A Professional
Corporation
601 California Street
Suite 1300
San Francisco, CA
94108

Page 3
PLAINTIFF BERGAMON, INC.'S COMPLAINT FOR DAMAGES AND RESTITUTION

1   separately.

2        15.   In early October 2019, RTI wanted more rental income from Bergamon.

3   Accordingly, RTI offered to permit Bergamon to continue leasing its designated portion

4   of the Premises on terms consistent with the parties' historical usages and practices,

5   but thereafter on a month to month basis with rent due in the amount of $10,000 per

6   month.  Bergamon orally agreed to that arrangement.

7        16.   This parties month-to-month tenancy at the Premises and rent

8   requirement was memorialized in an e-mail dated October 8, 2019 sent from

9   Bergamon to WU, which WU received and confirmed on October 9, 2019.

10        17.   Commencing in October 2019, RTI issued Bergamon monthly invoices

11   for the $10,000 rent payments, which Bergamon timely paid each month for October

12   2019 through January 2020.

13        18.   RTI cashed the October, November, and December rent checks.

14   Bergamon is informed and believes that RTI has yet to cash the January 2020 rent

15   check it tendered to Defendant in late December 2019.

16        19.   Despite Bergamon's timely payments, on December 31, 2019, at

17   approximately 9:00 am, Defendants, accompanied by security guards, forcibly entered

18   the portion of the Premises leased by Bergamon and forced all of Bergamon's

19   employees out of the leased Premises.

20        20.   Defendants thereafter refused to permit Bergamon or any of its

21   employees to enter the warehouse to retrieve its inventory and equipment from the

22   leased Premises.  On and after December 31, 2019, Defendants exercised control

23   over Bergamon's inventory (for which Bergamon paid approximately $2.9 million) and

24   three forklifts (valued at approximately $100,000 combined).

25        21.   None of the Defendants has any title, right or interest in Bergamon's

26   drinkware inventory or equipment.  Bergamon imported all of its inventory from China,

Law Offices of
ANDERSON & POOLE
A Professional
Corporation
601 California Street
Suite 1300
San Francisco, CA
94108

Page 4
PLAINTIFF BERGAMON, INC.'S COMPLAINT FOR DAMAGES AND RESTITUTION

1  as evidence of bills of lading for such products.

2      22.    RTI never gave Bergamon any notice, statutorily required or otherwise,

3  regarding the reasons for evicting Bergamon from the Premises or seizing Bergamon's

4  products.

5      23.    Bergamon has procured temporary warehouse space.  However,

6  Defendants refused to permit Bergamon to access the Premises so that it may

7  transport its equipment and inventory to the temporary space.

8      24.    Defendants, including SHUAI and WU, informed Bergamon that the

9  Premises would remain closed to Bergamon until SHUAI "got his money."  Bergamon

10  did not and does not owe any of the Defendants any money.  Yet, Defendants insisted

11  that the Premises would not open to them, nor their inventory be released, until SHUAI

12  received more than $1,000,000.

13      25.    Defendants, including SHUAI and WU, demanded more than $1,000,000

14  from Bergamon's owners and officers as a condition to opening the warehouse to

15  Bergamon on at least two occasions over the phone and also several times in person.

16      26.    Defendants' actions have harmed and will continue to harm Bergamon

17  substantially.  As a result of Defendants' actions, Bergamon has been forced to incur

18  moving and storage costs and excess rent.  Bergamon has also been unable to fill

19  customer orders, resulting in lost profits and lost goodwill.  It estimates that it is losing

20  profits at a rate of $40,000 per week, which does not include the long term impact of

21  the damage to its goodwill arising from its inability to fulfill its customers' orders.

22      27.    Bergamon was also forced to file a forcible entry and detainer action to

23  recover possession of the Premises in state court and to obtain provisional relief in

24  connection therewith (the "State Court Action").

25      28.    Defendants acted with malice, fraud or oppression as described above,

26  justifying the imposition of punitive damages.

Law Offices of
ANDERSON & POOLE
A Professional
Corporation
601 California Street
Suite 1300
San Francisco, CA
94108

Page 5
PLAINTIFF BERGAMON, INC.'S COMPLAINT FOR DAMAGES AND RESTITUTION

29.     Bergamon sought provisional relief on an ex parte basis in the State Court Action in order to mitigate the damages arising from Defendants' wrongful exertion of control over its inventory and equipment.  It was not until January 15, 2020, at the hearing for the provisional relief, that Defendants finally agreed to permit Bergamon to access the Premises so that it could extract its inventory and other property and bring them to another location.  The parties executed a stipulation at the courthouse giving Bergamon the provisional relief it sought, albeit without the necessity of a hearing.  However, Defendants, for reasons unknown to Bergamon, refused to permit the stipulation to be entered by the state court.

30.     Bergamon was eventually able to recover its property pursuant to the stipulation and over a nearly week long period of transporting its inventory and equipment from the Premises to an alternative space from which it now operates its business.  Bergamon has since dismissed the State Court Action without prejudice.

**FIRST CAUSE OF ACTION**
**Civil RICO (18 U.S.C. § 1964)**
(against all Defendants)

31.     Bergamon incorporates by reference the allegations of paragraphs 1-30 and 38-105 as though fully set forth herein.

32.     Bergamon is engaged in international and interstate commerce and a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1964(c).

33.     All Defendants are and, at all times herein mentioned were, "persons" within the meaning of 18 U.S.C. §§ 1961(3).

34.     Defendants, and each of them, are, and at all times herein mentioned were, each an "enterprise" within the meaning of 18 U.S.C. §§ 1961 (4), and were engaged in unlawful activities which adversely affected interstate or foreign commerce, to wit, the interstate business of Bergamon.

35.     Within the last three months, Defendants have actively conspired to and

Law Offices of
ANDERSON & POOLE
A Professional
Corporation
601 California Street
Suite 1300
San Francisco, CA
94108

Page 6
**PLAINTIFF BERGAMON, INC.'S COMPLAINT FOR DAMAGES AND RESTITUTION**

have engaged in "racketeering activity" as defined by 18 U.S.C. §§ 1961(1), all as more specifically set forth herein, including but not limited to extorting or attempting to extort in excess of $1,000,000 from Bergamon and in denying Bergamon access to and in converting its property earmarked for delivery to its customers throughout the United States.

36.     In furtherance of their unlawful racketeering activities, on more than two occasions, Defendants, and each of them, have used or caused to be used the public telephone network and/or the Internet in an unlawful effort to extract money and other consideration from Plaintiff to which Defendants are not entitled. In so doing, Defendants and each of them have committed wire fraud.

37.     Defendants' racketeering activity and/or conspiracy to engage in racketeering activity caused harmed to Bergamon in the loss of its property, the lost profits from the sales of its inventory, the damage to its business arising from its inability to deliver goods in interstate commerce to its customers located throughout the United States, and in other particulars as will be proven at trial herein.

38.     To protect itself, and its interstate business, Bergamon has also been forced to engage attorneys to pursue an expedited action to recover possession of its property converted by Defendants as herein described.

WHEREFORE Bergamon prays for relief as set forth below.

### SECOND CAUSE OF ACTION
### Invasion of Interest in Real Property
(against all Defendants)

39.     Bergamon incorporates by reference the allegations of paragraphs 1-38 of this Complaint as though fully set forth herein.

40.     Bergamon has complied with all terms required of it under the parties' oral lease agreement, including specifically the payment of monthly rent October 2019 through January 2020.

Law Offices of
ANDERSON & POOLE
A Professional
Corporation
601 California Street
Suite 1300
San Francisco, CA
94108

**PLAINTIFF BERGAMON, INC.'S COMPLAINT FOR DAMAGES AND RESTITUTION**

41.     On December 31, 2019, Bergamon was in actual, peaceable and lawful possession of the Premises and was using the Premises for its business.  At approximately 9:00 a.m. on that date, an RTI employee, accompanied by security guards, forcibly entered the portion of the Premises leased by Bergamon and forced all of Bergamon's employees out of the building.  Defendants remained in exclusive possession of the Premises at least through January 15, 2020, even though Bergamon made repeated attempts and demands to regain access the Premises for which it had paid rent.  Only after Bergamon was forced to seek relief in the State Court Action did Defendants permit Bergamon to retrieve its drinkware inventory and other tangible property starting January 15, 2020, and even then only on conditional terms.

42.     Defendants' invasion was substantial.  Defendants excluded Bergamon and its employees from the Premises and in doing so further interfered with Bergamon's right to possess approximately $3 million-worth of drinkware inventory that Bergamon stored at the Premises.  Defendants had no lien right or other property interest in Bergamon's drinkware inventory, all of which was imported from China by Bergamon, as evidenced by bills of lading, etc.

43.     Defendants' invasion was intentional, calculated and wrongful.  Defendants refused to permit Bergamon to access the Premises – for which it had paid rent – until SHUAI received $1 million dollars.

44.     Defendants failed to give Bergamon any notice, statutory or otherwise, regarding the reasons for Defendants' forced entry and eviction.  Tellingly, Defendants never filed an unlawful detainer action to obtain the legal right to evict Bergamon from the Premises.  Rather, Defendants resorted to self-help and forced Bergamon to commence an unlawful eviction action to protect its rights as a tenant and to regain access to the Premises and its property.

45.     As a direct and proximate result of Defendants' forcible entry and

Law Offices of
ANDERSON & POOLE
A Professional
Corporation
601 California Street
Suite 1300
San Francisco, CA
94108

Page 8
PLAINTIFF BERGAMON, INC.'S COMPLAINT FOR DAMAGES AND RESTITUTION

1  retainer as described above, Bergamon has sustained injuries and damages in an

2  exact amount to be proven at trial and expected to exceed $1,500,000.00 consisting

3  of, *inter alia*, overpaid rent, lost profits, loss of good will, moving and storage costs,

4  and attorneys' fees incurred in the pursuit of its property.

5      46.    In committing the acts described above, Defendants acted with malice,

6  oppression or fraud, justifying an award of punitive damages.

7      WHEREFORE Bergamon prays for relief as set forth below.

8  **THIRD CAUSE OF ACTION**
9  **Conversion**<br>(against all Defendants)

10      47.    Bergamon incorporates by reference the allegations of paragraphs 1-46

11  of this Complaint as though fully set forth herein.

12      48.    Bergamon is the owner of and has the right to possess the inventory and

13  equipment stored in its designated portion of the Premises.  The items consist of

14  reusable drinkware bearing Bergamon's "MAARS" trademark (or boxes storing the

15  same) and three forklifts.

16      49.    Defendants have no title, lien or interest in these items.

17      50.    Defendants refused to permit Bergamon to recover these items.  Instead,

18  Defendants exercise dominion and control of the property, to the exclusion of

19  Bergamon.  Defendants thereby wrongfully converted Bergamon's property for their

20  own use.

21      51.    Bergamon has been damaged in the sum of at least $100,000 for out of

22  pocket costs, including reasonable compensation for the time and money Bergamon

23  was forced to spend in attempting to recover its property, logistics expenses, and

24  payroll incurred during the time Defendants wrongfully exerted control over

25  Bergamon's inventory and prevented its employees from fulfilling orders from the

26  Premises.  Bergamon has also incurred additional damages, including lost profits from

Law Offices of
ANDERSON & POOLE
A Professional
Corporation
601 California Street
Suite 1300
San Francisco, CA
94108

**PLAINTIFF BERGAMON, INC.'S COMPLAINT FOR DAMAGES AND RESTITUTION**

1  its inability to fulfill its customer orders for its drinkware products at a profit, for which

2  Defendants are also liable.  The total amount of its lost profits and harm to its goodwill

3  will be proven at trial but is expected to exceed $1,500,000.

4       52.    Additionally, Defendants' malicious, oppressive or fraudulent conduct

5  justifies the imposition of punitive damages.

6       WHEREFORE Bergamon prays for relief as set forth below.

7                        **FOURTH CAUSE OF ACTION**
                         **Trespass to Chattel**
8                        (against all Defendants)

9       53.    Bergamon incorporates by reference the allegations of paragraphs 1-52

10  of this Complaint as though fully set forth herein.

11      54.    Bergamon is the owner and had the right to possess the inventory and

12  equipment stored in its designated portion of the Premises.  The items consist of

13  reusable drinkware bearing Bergamon's "MAARS" mark (or boxes storing the same)

14  and three forklifts.

15      55.    Defendants intentionally interfered with Bergamon's use and possession

16  of this property by refusing to permit Bergamon to access the Premises and refusing to

17  even permit Bergamon to retrieve the products when Bergamon's right to occupy the

18  Premises became disputed.  Defendants had no right or authorization to interfere with

19  Bergamon's use and possession of its property in this manner.

20      56.    Defendants' wrongful conduct has caused Bergamon damages in an

21  amount to be proven at trial but which is expected to exceed $1,500,000.00, consisting

22  of compensatory damages as well as special damages (lost profits, loss of good will,

23  etc.).

24      57.    Additionally, Defendants' malicious, oppressive or fraudulent conduct

25  justifies the imposition of punitive damages.

26

Law Offices of
ANDERSON & POOLE
A Professional
Corporation
601 California Street
Suite 1300
San Francisco, CA
94108

Page 10
**PLAINTIFF BERGAMON, INC.'S COMPLAINT FOR DAMAGES AND RESTITUTION**

## FIFTH CAUSE OF ACTION
### Promissory Fraud
(against all Defendants)

58.     Bergamon incorporates by reference the allegations of paragraphs 1-57 of this Complaint as though fully set forth herein.

59.     In October 2019, SHUAI represented that RTI would lease a designated 10,000 square foot portion of the Premises to Bergamon if Bergamon would timely pay rent of $10,000 per month.

60.     Defendants intended for Bergamon to rely on that representation.

61.     Bergamon justifiably relied on that representation by, *inter alia*, paying RTI $10,000 per month for four months to lease the Premises and also storing inventory and equipment there.

62.     Defendants had no intent to perform that promise each month at the time it was made.

63.     Bergamon is informed and believes that Defendants intended to induce Bergamon into storing its products at the warehouse so it could seize such assets and use them as leverage to extort money from Bergamon.

64.     Bergamon has been harmed by Defendants misrepresentations in an amount to be proven at trial but expected to be at least $80,000.

65.     Additionally, Defendants' malicious, oppressive or fraudulent conduct justifies the imposition of punitive damages

WHEREFORE Bergamon prays for relief as set forth below.

## SIXTH CAUSE OF ACTION
### Breach of Written Contract
(against RTI)

66.     Bergamon incorporates by reference the allegations of paragraphs 1-65 as though full set forth herein.

67.     Bergamon and RTI agreed in an email exchange that Bergamon could

Law Offices of
ANDERSON & POOLE
A Professional
Corporation
601 California Street
Suite 1300
San Francisco, CA
94108

**PLAINTIFF BERGAMON, INC.'S COMPLAINT FOR DAMAGES AND RESTITUTION**

1 continue to rent a designated portion of RTI's Premises in exchange for Bergamon's
2 monthly payment of $10,000 in rent commencing in October 2019.

3    68.    Bergamon timely performed all conditions it was required to perform.

4    69.    RTI breached the agreement by prohibiting Bergamon from accessing its
5 portion of the leased Premises and then seizing Bergamon's products stored therein.

6    70.    Bergamon has been harmed in an amount to be proven at trial but
7 expected to exceed $80,000.

8    WHEREFORE Bergamon prays for relief as set forth below.

### SEVENTH CAUSE OF ACTION
**Breach of Oral Contract**
(against RTI)

11   71.    Bergamon incorporates by reference the allegations of paragraphs 1-65
12 as though fully set forth herein.

13   72.    Bergamon and RTI orally agreed that Bergamon could continue to rent a
14 designated portion of RTI's Premises in exchange for Bergamon's monthly payment of
15 $10,000 in rent commencing in October 2019.

16   73.    Bergamon timely performed all conditions it was required to perform.

17   74.    RTI breached the agreement by prohibiting Bergamon from accessing its
18 portion of the leased Premises and then seizing Bergamon's products stored therein.

19   75.    Bergamon has been harmed in an amount to be proven at trial but
20 expected to exceed $80,000.

21   WHEREFORE Bergamon prays for relief as set forth below.

### EIGHTH CAUSE OF ACTION
**Promissory Estoppel**
(against all Defendants)

24   76.    Bergamon incorporates by reference the allegations of paragraphs 1-75
25 as though fully set forth herein.

26   77.    Defendants represented that Bergamon could lease a designated portion

Law Offices of
ANDERSON & POOLE
A Professional
Corporation
601 California Street
Suite 1300
San Francisco, CA
94108

Page 12
PLAINTIFF BERGAMON, INC.'S COMPLAINT FOR DAMAGES AND RESTITUTION

1  of RTI's Premises in exchange for $10,000 per month rental payments.

2      78.   Bergamon tendered rental payments to RTI in justifiable and detrimental

3  reliance on this representation.

4      79.   RTI cashed at least three of Bergamon's monthly rent checks.

5      80.   Bergamon has been harmed in that Defendants refuse to permit

6  Bergamon to occupy the Premises or even to permit Bergamon to retrieve its inventory

7  and equipment from the Premises after Bergamon had paid rent for such rights.  The

8  total amount of harm will be proven at triable and is expected to exceed $1,500,000.

9      WHEREFORE Bergamon prays for relief as set forth below.

## NINTH CAUSE OF ACTION
### Interference with Contractual Relations
(against all Defendants)

12     81.   Bergamon incorporates by reference the allegations of paragraphs 1-80

13  as though fully set forth herein.

14     82.   Bergamon had numerous contracts with its customers (third parties) for

15  the delivery of drinkware products.

16     83.   Defendants had knowledge of these contracts and of Bergamon's

17  fulfillment requirements and shipping practices.

18     84.   Defendant intentionally and wrongfully denied Bergamon access to its

19  products.  Defendants prohibited Bergamon from fulfilling customer orders and thereby

20  disrupted Bergamon's contractual relationships with its customers.

21     85.   Bergamon's contractual relationships with its customers has actually

22  been disrupted in that Bergamon was unable to ship orders timely and couldn't offer

23  products for sale without knowing when, if ever, those orders could be fulfilled.

24     86.   Bergamon has been damaged as a result of Defendants' conduct in an

25  amount to be proven at trial but expected to exceed $75,000, plus lost profits and loss

26  of good will in an amount to be determined at trial.

Law Offices of
ANDERSON & POOLE
A Professional
Corporation
601 California Street
Suite 1300
San Francisco, CA
94108

Page 13
PLAINTIFF BERGAMON, INC.'S COMPLAINT FOR DAMAGES AND RESTITUTION

87.     Additionally, Defendants' malicious, oppressive or fraudulent conduct justifies the imposition of punitive damages.

WHEREFORE Bergamon prays for relief as set forth below.

## TENTH CAUSE OF ACTION
### Interference with Prospective Economic Relations
(against all Defendants)

88.     Bergamon incorporates by reference the allegations of paragraphs 1-87 as though fully set forth herein.

89.     Bergamon has been in business for over five years and has regular customers.  Bergamon was in economic relationships with these customers that contained the probability of future economic benefit to Bergamon.

90.     Defendants had knowledge of Bergamon's relationships with its regular customers.

91.     Defendants' intentionally wrongful acts described herein were designed to disrupt those relationships.

92.     Defendants' intentionally wrongful acts actually disrupted those relationships.  For example, those customers could not place orders with Bergamon because Bergamon did not know when (if ever) it would be able to fulfill those orders.

93.     Bergamon suffered economic harm proximately caused by Defendants' actions.

94.     Additionally, Defendants' malicious, oppressive or fraudulent conduct justifies the imposition of punitive damages.

WHEREFORE Bergamon prays for relief as set forth below.

## ELEVENTH CAUSE OF ACTION
### Unfair Competition (Bus. & Prof. Code §§ 17200 et seq.)
(against all Defendants)

95.     Bergamon incorporates by reference the allegations of paragraphs 1-94

Law Offices of
ANDERSON & POOLE
A Professional
Corporation
601 California Street
Suite 1300
San Francisco, CA
94108

Page 14
PLAINTIFF BERGAMON, INC.'S COMPLAINT FOR DAMAGES AND RESTITUTION

1 and 97-105 as though fully set forth herein.

2       96.    Defendants engaged in unlawful business practices in, *inter alia*,

3 intentionally misrepresenting lease terms to deceive and mislead Bergamon into

4 storing its inventory at the Premises, wrongfully evicting Bergamon, converting

5 Bergamon's inventory, denying Bergamon access to the Premises and its inventory,

6 and conspiring to extort money from Bergamon.

7       97.    Bergamon has been harmed by Defendants' unlawful business practices

8 in that was unable to access its inventory to fulfill customer orders.

9       WHEREFORE Bergamon prays for relief as set forth below.

## TWELFTH CAUSE OF ACTION
### Conspiracy to Commit Extortion
(against all Defendants)

12       98.    Bergamon incorporates by reference the allegations of paragraphs 1-97

13 of this Complaint as though fully set forth herein.

14       99.    Defendants wrongfully exerted control over Bergamon's inventory and

15 equipment when it forcibly ejected its employees from the Premises on December 31,

16 2019 and thereafter refused to permit Bergamon to retrieve its property.  Defendants

17 had no lien, security interest or other right to exert control over or possess any of

18 Bergamon's property.

19       100.   SHUAI and WU thereafter contacted Bergamon's owners and officers

20 Peter Liew, Kevin Jiang and Gordon Hsu in January 2020 and demanded over the

21 telephone and in person that they pay over $1,000,000 to Defendants or an affiliate of

22 Defendants in Hong Kong.  If Bergamon refused, SHUAI and WU stated they would

23 not permit Bergamon to retrieve its inventory or equipment from the Premises.

24       101.   Defendants knew that they Bergamon owed them no money and that

25 they were using Bergamon's inventory to instill fear in Bergamon to pressure them into

26 paying the wrongfully demanded sums or risk harm to Bergamon's business and

Law Offices of
ANDERSON & POOLE
A Professional
Corporation
601 California Street
Suite 1300
San Francisco, CA
94108

Page 15
**PLAINTIFF BERGAMON, INC.'S COMPLAINT FOR DAMAGES AND RESTITUTION**

goodwill.

102.    Each of the Defendants have cooperated and intended to aid each other in their plan to extort money from Bergamon and its owners, by demanding money from them, making false statements to the police about the parties' relationships, and otherwise wrongfully interfering with Bergamon's access to its property.

103.    Each of the Defendants knew that Bergamon needed access to its inventory in order to fulfill its customers' orders and that it would be unable to obtain additional inventory from its supplier in China because of the manufacturer's 2-4 week shut down during the Chinese New Year holiday in late January and early February 2020. Defendants used this information as leverage to pressure Bergamon into paying the wrongfully demanded sums out of fear that their business would suffer or fail if they did not promptly regain access to their inventory.

104.    Defendants knew that they had no right to seize, retain or otherwise possess Bergamon's property, yet they used such wrongfully gotten property to conspire to extort money from Bergamon.

105.    Bergamon has been harmed and will continue to be harmed as a result of Defendants' conspiracy to commit extortion.  Bergamon will establish the precise amount of harm at trial according to proof, which it expects will exceed $1,500,000.

106.    Additionally, Defendants' malicious, oppressive or fraudulent conduct justifies the imposition of punitive damages.

WHEREFORE Bergamon prays for relief as set forth below.

## PRAYER FOR RELIEF

Wherefore, Bergamon prays for a judgment against Defendants, and each of them, as follows.

Law Offices of
ANDERSON & POOLE
A Professional
Corporation
601 California Street
Suite 1300
San Francisco, CA
94108

PLAINTIFF BERGAMON, INC.'S COMPLAINT FOR DAMAGES AND RESTITUTION

*On the First Cause of Action for Civil RICO under 18 U.S.C. § 1964(c) (against all Defendants):*

1.  For compensatory damages, including lost profits, loss of good will and attorney's fees Bergamon incurred in the State Court Action;

2.  For treble damages;

3.  For punitive damages;

4.  For costs of suit, including reasonable attorneys' fees pursuant to 18 U.S.C. § 1964(c);

*On the Second Cause of Action for Invasion of Interests in Real Property (against all Defendants):*

1.  For compensatory and special damages (including lost profits and loss of good will) according to proof and expected to exceed $1,500.000.00;

2.  For punitive damages;

*On the Third Cause of Action for Conversion (against all Defendants):*

1.  For compensatory and special damages (including lost profits and loss of good will) according to proof and expected to exceed $1,500,000.00;

2.  For expenses incurred in pursuit of the property;

3.  For punitive damages;

*On the Fourth Cause of Action for Trespass to Chattel (against all Defendants):*

1.  For compensatory and special damages (including lost profits and loss of good will) according to proof and expected to exceed $1,500,00.00;

2.  For punitive damages;

*On the Fifth Cause of Action for Promissory Fraud (against all Defendants):*

1.  For compensatory damages;

2.  For punitive damages;

*On the Sixth Cause of Action for Breach of Written Contract (against RTI):*

1.  For compensatory damages;

Law Offices of
ANDERSON & POOLE
A Professional
Corporation
601 California Street
Suite 1300
San Francisco, CA
94108

Page 17
PLAINTIFF BERGAMON, INC.'S COMPLAINT FOR DAMAGES AND RESTITUTION

2. For mitigation costs and other measures taken to "cover" RTI's breach;

3. For consequential damages, including lost profits and loss of good will according to proof and expected to exceed $1,500,000.00;

*On the Seventh Cause of Action for Breach of Oral Contract (against RTI):*

1. For compensatory damages;

2. For mitigation costs and other measures taken to "cover" RTI's breach;

3. For consequential damages, including lost profits and loss of good will according to proof and expected to exceed $1,500,000.00.

*On the Eighth Cause of Action for Promissory Estoppel (against all Defendants):*

1. For compensatory and consequential damages, including lost profits and loss of good will, according to proof and expected to exceed $1,500,000.00;

*On the Ninth Cause of Action for Interference with Contractual Relations (against all Defendants):*

1. For compensatory and special damages, including lost profits and loss of good will according to proof and expected to exceed $75,000.00;

2. For punitive damages;

*On the Tenth Cause of Action for Interference with Prospective Economic Relations (against all Defendants):*

1. For compensatory and special damages, including lost profits and loss of good will according to proof, and expected to exceed $250,000.00;

2. For punitive damages;

*On the Eleventh Cause of Action for Unfair Competition (against all Defendants):*

1. For restitution, including disgorgement;

*On the Twelfth Cause of Action for Conspiracy to Commit Extortion (against all Defendants):*

1. For compensatory damages;

Law Offices of
ANDERSON & POOLE
A Professional
Corporation
601 California Street
Suite 1300
San Francisco, CA
94108

Page 18
**PLAINTIFF BERGAMON, INC.'S COMPLAINT FOR DAMAGES AND RESTITUTION**

2. For punitive damages;

3. For costs incurred to recover possession, including reasonable attorneys' fees;

*On All Causes of Action Against All Defendants,*

1. For prejudgment interest;

2. For costs of suit; and

3. For any such other relief as the court deems just and proper, including equitable relief.

Dated:  February 20, 2020                    ANDERSON & POOLE, P.C.

By: _____

JAMIE C. COUCHE
DEBORAH L. GOODMAN
Attorneys for Plaintiff BERGAMON, INC.

Law Offices of
ANDERSON & POOLE
A Professional
Corporation
601 California Street
Suite 1300
San Francisco, CA
94108

Page 19
**PLAINTIFF BERGAMON, INC.'S COMPLAINT FOR DAMAGES AND RESTITUTION**

**DEMAND FOR JURY TRIAL**

Bergamon, Inc. hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: February 20, 2020

ANDERSON & POOLE, P.C.

By: _____
JAMIE C. COUCHE
DEBORAH L. GOODMAN
Attorneys for Plaintiff BERGAMON, INC.

Law Offices of
ANDERSON & POOLE
A Professional
Corporation
601 California Street
Suite 1300
San Francisco, CA
94108

**PLAINTIFF BERGAMON, INC.'S COMPLAINT FOR DAMAGES AND RESTITUTION**